ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 DEC 10   AM 11:08

CLERK OF COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| STEPHEN M. AVDEEF, §<br>§<br>Plaintiff §<br>§<br>V. §<br>§<br>ROCKLINE INDUSTRIES, INC.; SAM'S §<br>EAST, INC. d/b/a SAM'S CLUB; §<br>WALMART STORES, INC. ; §<br>PATRICK W. POWERS, Individually §<br>and as a former partner of CASH, §<br>KLEMCHUK, POWERS, TAYLOR, LLP, §<br>n/k/a POWERS, TAYLOR, L.L.P.; §<br>PEYTON J. HEALEY, Individually and as a §<br>member of POWERS, TAYLOR, L.L.P.; §<br>GARY D. ELLISTON, Individually and as §<br>Partner of the Law Firm of DEHAY & §<br>ELLISTON, L.L.P.; PAMELA J. WILLIAMS, §<br>Individually and as Partner of the Law Firm §<br>of DEHAY & ELLISTON, L.L.P.; COURTNEY §<br>G. BOWLINE, Individually and former Member §<br>of the Law Firm of DEHAY & ELLISTON, §<br>L.L.P.; ALAN PERLMAN, Individually and §<br>In His Capacity as Technical Director of §<br>ROCKLINE INDUSTRIES; §<br>HONORABLE GENA SLAUGHTER; and §<br>HONORABLE  JUSTICE JIM MOSELEY §<br>§<br>Defendants. §<br>§ | 4-12CV-879 Y<br><br>Civil Action No. _____<br><br>JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, STEPHEN M. AVDEEF, and files this his Original Complaint

against Defendants ROCKLINE INDUSTRIES, INC.; SAM'S EAST, INC., d/b/a SAM'S

CLUB; WALMART STORES, INC.; PATRICK POWERS, Individually and as a former partner

of CASH, KLEMCHUK, POWERS, TAYLOR, n/k/a POWERS, TAYLOR, L.L.P.; PEYTON J.

HEALEY, Individually and as a member of POWERS, TAYLOR, L.L.P.; GARY D.

ELLISTON, Individually and as partner of the Law Firm of DEHAY & ELLISTON, L.L.P.; PAMELA J. WILLILAMS, Individually and as partner of the Law Firm of DEHAY & ELLISTON, L.L.P.; COURTNEY G. BOWLINE, Individually and former Associate of the Law Firm of DEHAY & ELLISTON, L.L.P.; ALAN PERLMAN, Individually and in His Capacity as Technical Director of ROCKLINE INDUSTRIES; HONORABLE JUSTICE JIM MOSELEY and HONORABLE GENA SLAUGHTER (sometimes referred to herein collectively as "Defendants") and would respectfully show the Court as follows:

## I.

## <u>PARTIES</u>

1.      Plaintiff STEPHEN M. AVDEEF (hereinafter referred to as "Plaintiff," or "Avdeef") is an adult individual who resides in Tarrant County, Texas and is a citizen of Texas.

2.      Defendant ROCKLINE INDUSTRIES, INC. (hereinafter "ROCKLINE") is a Wisconsin corporation with its principal place of business located in Sheboygan, Wisconsin, does not retain a registered agent in the State of Texas, and, therefore, may be served with service of process by serving its President, Randy Rudolph through the Secretary of State's Office, Austin, Texas, via certified mail, return receipt requested, as follows:  Randy Rudolph, President, Rockline Industries, Inc., 4343 S. Taylor Drive, Sheboygan, Wisconsin 53081-8485.

3.      Defendant SAM'S EAST, INC., d/b/a SAM'S CLUB (hereinafter "Sam's Club") is an Arkansas corporation with its principal place of business located in Bentonville, Arkansas. Sam's Club is a subsidiary of Walmart Stores, Inc. and sells products in its stores throughout the State of Texas and may be served with service of process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4. Defendant WALMART STORES, INC. (hereinafter "Walmart") is a Delaware corporation with its principal place of business located in Bentonville, Arkansas with stores throughout the State of Texas, and is the parent company of Defendant Sam's Club, and may be served with service of process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

5. Defendant PATRICK W. POWERS (hereinafter "Powers") is an individual acting and doing business as an attorney in the State of Texas. Powers was formerly a partner of the law firm of Cash,, Klemchuk, Powers, Taylor, L.L.P. n/k/a Powers, Taylor, L.L.P. and may be served with service of process at his place of business at Campbell Centre II, 8150 North Central Expressway, Suite 1575, Dallas, Texas 75206.

6. Defendant PEYTON J. HEALEY (hereinafter "Mr. Healey") is an individual acting and doing business as an attorney in the State of Texas, is an associate of the law firm of Powers, Taylor, L.L.P., and may be served with service of process at his place of business at Campbell Centre II, 8150 North Central Expressway, Suite 1575, Dallas, Texas 75206.

7. Defendant GARY D. ELLISTON (hereinafter "Mr. Elliston") is an individual and partner of the law firm of DEHAY & ELLISTON, L.L.P. acting and doing business as an attorney in the State of Texas and may be served with service of process at his place of business at 3500 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202.

8. Defendant PAMELA J. WILLIAMS (hereinafter "Ms. Williams") is an individual and partner of the law firm of DEHAY & ELLISTON, L.L.P. acting and doing business as an attorney in the State of Texas and may be served with service of process at her place of business at 3500 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202.

9.      Defendant COURTNEY G. BOWLINE (hereinafter "Ms. Bowline") is an individual acting and doing business as an attorney in the State of Texas. Courtney G. Bowline was a former associate with the law firm of DEHAY & ELLISTON and is currently an associate with the law firm of DEANS & LYONS, L.L.P. and may be served with service of process at her place of business at Republic Center, 325 North St. Paul Street, Dallas, Texas 75201.

10.     Defendant ALAN PERLMAN (hereinafter "Mr. Perlman") is an individual who is a resident of the State of Arkansas, County of Washington and is being sued in his capacity of Technical Director for Rockline. Defendant Perlman may be served via certified mail, return receipt requested, with service of process through the Secretary of State Office, Austin, Texas, addressed to Defendant Perlman at 58 Stonehenge Drive, Bentonville, Arkansas 72712-4092.

11.     Defendant Honorable Gena Slaughter (hereinafter "Judge Slaughter") is a sitting Judge of the 191st District Court, Dallas, Texas and may be served with service of process at the 191st District Court, Dallas County Courthouse, 600 Commerce Street, Dallas, Texas 75202.

12.     Defendant Justice Jim Moseley (hereinafter "Justice Moseley") is a sitting Justice on the Court of Appeals, Fifth District of Texas at Dallas, and may be served with service of process at the Court of Appeals, Fifth District of Texas at Dallas, 600 Commerce Street, Suite 200, Dallas, Texas 75202.

## II.

### JURISDICTION AND VENUE

13.     Jurisdiction in this Court is based on 28 USC § 1331 because it is a civil action arising under the Constitution, laws or treaties of the United States and the amount in

controversy exceeds $75,000.00 exclusive of interest and costs, and Plaintiff and several Defendants are citizens of different states.

14.     Pursuant to 28 USC § 1391(b)(2) and (c)(1), Venue is proper in this Judicial District because the substantial events leading to the underlying claims giving rise to the claims in this action occurred in this district.

### III.

### NATURE OF THE CLAIM

15.     Plaintiff brings this action pursuant to Title 42, § 1983 of the United States Code which provides a mechanism for seeking re-dress for the deprivation of Plaintiff's federal constitutional and federal statutory rights by persons acting under color of state law. Plaintiff is further seeking actual and compensatory damages under 42 USC § 1983 for a number of violations of Plaintiff's civil rights by Defendants.

### IV.

### A. FIRST CAUSE OF ACTION

16.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 15 above.

17.     ROCKINE in the summer of 2006 maliciously began to intentionally delay testing on manufacturing of their baby wipes as a contracted vendor for the Sam's Club Members Mark Products. In turn, the Burkholderia Cepacia that triggered a national recall through the CDC, infected the Avdeef family, and insidiously one minor female child who will now have to deal with the effects of that infection for the rest of her life.

18.     ROCKLINE then hunted down whoever had snitched on them and began the systematic destruction of the whistleblower Sam Wilson's life out of retaliation. At the same

time, ROCKLINE began a campaign of covering up all evidence of the national recall victims through excessively aggressive tactics.

19.     ROCKLINE has yet to publically reveal how many children and senior citizens actually died as a result of their intentional act of greed all in the name to increase a profit margin at any cost.

20.     Avdeef was forced to file civil litigation on the two-year statute in the fall of 2008 due to ROCKLINE'S refusal to take responsibility for their actions. ROCKLINE lawyers at DeHay & Elliston began a campaign of personal attacks and a rush to a summary judgment knowing Avdeef was unable to book electron microscope time to finally prove unequivocally the presence of such a rare and virulent bacteria that would not show in a standard cold swab test. ROCKLINE'S legal counsel refused to test the evidentiary materials and instead chose to rely on personally defaming Avdeef to the federal court as a basis of a summary judgment motion.

21.     In turn, ROCKLINE and their legal counsel at DeHay & Elliston committed corporate fraud in direct violation of 18 U.S.C. § 1035: False statements relating to health care matters and 18 U.S.C. § 1038: False information and hoaxes by intentionally misrepresenting the evidentiary materials and direct violation of 18 U.S.C. § 1621: Perjury generally to Federal Judge Sam Lindsay, in Federal District Court, Dallas Division.

22.     ROCKLINE and their legal counsel continued to perpetrate their acts of corporate fraud and perjury to the Fifth Circuit Court of Appeals, where the fraudulently obtained Motion For Summary Judgment was affirmed.

23.     Avdeef was able to finally obtain electron scanning microscope images of the bacteria that ROCKLINE, their legal counsel, and their expert Alan Perlman, all falsely perjured

themselves to a federal judge and then in turn the Fifth Circuit Court of Appeals by claiming it never existed in the very same product batch DeHay & Elliston maliciously refused to test.

24.     During the course of the last two calendar years ROCKLINE INDUSTRIES, more specifically the Company President and Owner Randy Rudolph has been presented the electron scanning microscope photographs and evidence of blood work showing the minor child's infection from Burkholderia Cepatia, but has remained silent, violating Avdeef's civil right to present damages to a Federal Jury and therefore Mr. Rudolph personally and maliciously profited from ROCKLINE'S multiple criminal acts.

## B. SECOND CAUSE OF ACTION

25.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 24 above.

26.     In the fall 2010, just after the improper affirmation of ROCKLIINE'S Motion For Summary Judgment, Avdeef began a written email dialogue with SAM'S EAST, INC., d/b/a SAM'S CLUB; WALMART STORES, INC, (hereinafter known as Sam's Club) legal department.

27.     On or about Monday, December 27, 2010, Avdeef presented evidentiary materials to attorneys Miguel Rivera and Frances Rehmert at Walmart Legal in the form of a positive blood work worksheet from the University of North Texas Medical Center showing a positive test for the presence of Burkholderia Cepacia in the aforementioned infected minor child.

28.     During the course of the written dialogue, Mr. Rivera and Ms. Rehmert were additionally presented the photographic evidentiary materials in the form of ROCKLINE evidence one and two, showing photographs of the bacteria that their vendor had lied to the

courts over and thus proving beyond a shadow of a doubt to what ROCKLINE had maliciously inflicted on a minor child.

29. The evidence presented clearly showed the intentional malice and multiple federal criminal actions of a vendor that had contractual obligations to Sam's Club and who Sam's Club was responsible for.  As officers of the court, both Mr. Rivera and Ms. Rehmert shirked their oath and their legal and moral obligations to the Arkansas State Bar once they were properly noticed that Sam's Club had improperly benefited from multiple criminal acts, and in turn, not only was no action taken to correct the matter, Mr. Rivera and Ms. Rehmert did NOTHING.

30. Once it became clear to Mr. Rivera and the Walmart legal team that Avdeef had suffered catastrophic financial damages totaling in the millions from the very same illicit criminal acts that a Sam's Club vendor had committed, the dialogue was terminated permanently, but not before Avdeef was told that it did not matter how ROCKLINE had won, just as long as they had won.

31. Sam's Club could have resolved this injustice with one single sheet of paper in the form of a two paragraph letter to ROCKLINE demanding that their legal counsel submit a Motion To Vacate Judgment, and a demand that they take responsibility for what they did to a small child; instead, it appears on the outward view, that Sam's Club took no action other than to what now appears to dismiss ROCKLINE as an approved product vendor, which now proves Avdeef's claim of how dishonest ROCKINE is as a corporate entity.

32. Furthermore, it now appears that Sam's Club has begun an auspicious campaign to erase the past and distance themselves from all of the criminal and improper civil acts in the form of discontinuing the Members Mark product line and changing the Sam's Club product name to Simply Right.

33.     Sam's Club's improper refusal to even further address this issue has led to the very publicly available legal documents that anyone can view through a number of search engines that now give the false and misleading appearance that Avdeef somehow committed or attempted to perpetrate an act of fraud in what were claimed to be false claims at the time of DeHay & Elliston's fraudulently obtained Motion For Summary Judgment.

34.     Avdeef now has to live with this public humiliation and outright malicious act of slander and defamation on a daily basis that was improperly obtained by perjury and deceit. Sam's Club has been in possession of all the evidence required to prove that Sam's Club as a whole, has personally and professionally profited from the multiple aforementioned federal offenses. Avdeef has extended Sam's Club more than sufficient opportunities through both email and certified mail to address this matter, even extending Executive Vice President, General Counsel and Corporate Secretary Jeffrey J. Gearhart one last chance to address this issue by certified USPS RRR mail # 7003 0500 0000 5164 7873, but instead, Mr. Gearhart has arrogantly IGNORED THE MATTER.

35.     Once the evidence was clear, Avdeef feels Sam's Club had a moral and legal duty to resolve this matter, or at least continue an active dialogue, but instead out of what appears to be sheer greed, Sam's Club, an alleged family friendly retailer has chosen to ignore not only what their product inflicted on a minor child who will suffer the consequences for the rest of her life, and may die from the secondary infections, but what has been inflicted on an entire family, and what is now being ignored by a corporate giant who it appears to be under the impression that it is above the law.

36.     Avdeef would now like to request the court make special notice of the fact that by Sam's Club's improper refusal to address multiple criminal acts committed in their name, in

regards to a product bearing the Sam's Club brand name, that the customer Avdeef trusted and was bought in a Sam's Club retail outlet, that the court should take this factor into consideration and view Sam's Club's act of contempt for the legal system, and the fact that Avdeef WAS FORCED to take legal action, and therefore now consume the court's valuable time with a matter that could have been resolved with a single sheet of paper, Avdeef requests that Sam's Club, ROCKLINE, and all other above listed codefendants be dealt with to the harshest extent of the law.

## C. **THIRD CAUSE OF ACTION**

37.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 36 above.

38.     In the fall of 2008, and with the impending two-year statute, Avdeef was forced to pursue ROCKLINE and Sam's Club in a court of law for refusal to take responsibility for their actions. In turn, Avdeef retained Patrick W. Powers as legal counsel.  Mr. Powers openly bragged that he had just "whipped Walmart" in court, and Avdeef was convinced by Mr. Powers' boasting that the case was in good hands. Mr. Powers then improperly chose the cheapest bacterial test possible that showed no cold swab activity, then proceeded to improperly conceal that test result from the client. Mr. Powers then repeatedly lied to Avdeef, and in turn, withdrew from the case after refusing to adhere to the wishes of the client.

39.     Powers, during his representation of Avdeef, blatantly violated     the     Texas Disciplinary Rules of Professional Conduct, specifically, Rule 1.02(a), Scope and Objective of Representation; Rule 1.03(a) and (b), Communication; and Rule 1.05(a), (b)(2) and (b)(3). Confidential Information.

40.     Avdeef filed a State Bar of Texas Grievance against Mr. Powers that Mr. Powers untruthfully responded to, and after blathering on for dozens of pages in a response to mislead the investigator, the grievance was dismissed.  Out of what appears to be sheer spite and malice, Mr. Powers colluded with ROCKLINE'S counsel at DeHay & Elliston and even revealed privileged materials and maliciously assisted opposing counsel AFTER, please allow me to repeat, AFTER, withdrawing from the civil action.

41.     Once it was clear that the aforementioned summary judgment was based solely on Mr. Powers' acts of malice, incompetence, and personal assistance, Avdeef spent two years attempting to force Mr. Powers to answer for his actions in Dallas State District Court through a legal malpractice action. Mr. Powers and his counsel repeatedly perjured themselves in writing, and most heinously, even intentionally misrepresented the outcome of a State investigation in direct violation of Texas Penal Code Section 37.02, Perjury And Other Falsification by fraudulently claiming immunity that did not exist by perjuring himself in claiming to the court that Mr. Powers had been adjudicated by the State Bar, when in fact the grievance was only dismissed, with no decision recorded.

42.     Mr. Powers and his counsel openly and repeatedly perjured themselves, and even improperly benefited from the Dallas courts that Avdeef has since discovered have a long-standing reputation for biased and corruption, which will also be presented in the confines of this civil action.

43.     Mr. Powers' infractions and dishonest personal attacks are numerous and will be properly addressed to the court at the conclusion of the discovery process.

## D. FOURTH CAUSE OF ACTION

44.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 43 above.

45.     Mr. Peyton J. Healey far exceeded his duty to represent his client Mr. Patrick W. Powers to the best of his ability and instead blatantly perjured himself for not only his client, but also a partner in the very same firm where Mr. Healey practices law.   Mr. Healey had a sworn duty to the State Bar of Texas to uphold the laws of the land, and as an officer of the court, Mr. Healey should be held to a much higher standard than the average civil litigant.

46.     Avdeef will present evidentiary materials showing that Mr. Healey was so confident of his win in the biased Dallas courts, that Mr. Healey openly perjured himself in writing and in open argument with no fear of any subsequent consequences for his improper actions.

47.     Mr. Healey has crossed the line of due process, and instead has now made himself a malicious party to this action. Mr. Healey has even openly threatened Avdeef in writing to avoid being included in any future civil litigation, which Avdeef will present to this court to prove Mr. Healey's malicious intent, and his now being named as a party to this action.


## E. FIFTH CAUSE OF ACTION

48.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 47 above.

49.     As the senior titled partner and founder of the firm DeHay & Elliston, Gary D. Elliston's actions in the aforementioned prior legal action are most reprehensible due to his prominence in the legal community, and should be viewed with the court as such.

50.     Mr. Elliston's willingness to have firm partners and associates commit infractions and basically do whatever it takes to win, no matter how dishonest or despicable, should be dealt with just as harshly as his criminal client, ROCKLINE.   No legal victory should be enjoyed if it was obtained through perjury, falsifying the value of evidence, and thumbing your nose at the entire legal community, all in the name of cheating to win.

51.     Mr. Elliston even chose to defame Avdeef personally by arrogantly referring to Avdeef in writing as a "Tortured Soul" while at the same time instructing his firm partner and Chief Counsel in the aforementioned case Pamela J. Williams and firm associate Courtney G. Bowline to blatantly violate the Texas Disciplinary Rules of Professional Conduct by  ordering his underlings to further collude with Avdeef's former counsel Patrick W. Powers well AFTER Mr. Powers had withdrawn from the case, and ordered Ms. Williams and Ms. Bowline to improperly obtain a copy of the State Bar of Texas Grievance, in direct violation of State Bar regulations.

52.     Mr. Elliston's lack of work ethic and his willingness to cheat to win has been made all too clear once the evidentiary materials presented to ALL the codefendants proves beyond a shadow of a doubt, and that Mr. Elliston's silence to admit any wrongdoing unless dragged into a court of law, should now be made the center of this civil rights violation, due to the fact that Mr. Elliston had the final say in all legal matters, and his namesake was at stake on the firm's front door. Avdeef now feels that Mr. Elliston should not only be held to a higher standard than all of the other dishonest and cheating legal counsel, but that the court should refer Mr. Elliston's actions to the United States Attorneys' for investigation, and the State Bar of Texas as the ringleader of this entire vicious and malicious legal injustice that Avdeef and his family has had to endure on a daily basis for the last six years.

## F. SIXTH CAUSE OF ACTION

53.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 52 above.

54.     As chief counsel in the aforementioned civil litigation, Ms. Pamela J. Williams had a legal and moral responsibility to respect her oath to the State Bar of Texas and to respect the court she in turn is charged with appearing in.  Instead, Ms. Williams completely ignored the facts, and the truth seemed to have no bearing on her actions. Ms. Williams instead chose to wage a smear campaign and build upon all of Mr. Powers' personal attacks and improper actions as she blatantly admitted in writing to working with Mr. Powers, after Powers' withdrawal, daring Avdeef to do anything about it. The dishonesty and malice even extended to Ms. Williams seeking an order of protection from the courts several months after a meeting to defame and malign Avdeef in the attempt to paint Avdeef as a threat and a kook to provide herself with the improper grounds to support her Motion For Dismissal since it was painfully clear at the time that the evidence would eventually prove her client's malice.

55.     The vicious attacks reached a crescendo when Avdeef sought a change of venue to properly remove the ROCKLINE case from the Dallas Division that Mr. Powers was previously instructed by Avdeef to file in the Fort Worth Division, but instead Mr. Powers filed in Dallas once it now appears he was allegedly bought off by ROCKLINE. It now appears that Powers and/or his former firm CKPT were improperly working hand in hand with Ms. Williams AFTER he withdrew from the case for the entire term of the civil action.

56.     As the chief counsel, Ms. Williams' violation of Texas State Bar Code of Ethics, and her assisting her client in corporate fraud, the submission of a perjurous affidavit intentionally misrepresenting evidentiary materials, and the act of suborning perjury of an expert witness, and perjuring herself to both a Federal District Court, and to the Fifth Circuit Court of

Appeals should show a jury of her peers just how malicious and dishonest the aforementioned insult to the system of jurisprudence she has blatantly escaped justice for over the last two calendar years.

57.    Avdeef has already attempted to seek legal intervention through the form of two written and one in person plea to the United States Department of Justice in Washington, DC. Avdeef was told by a prominent member of the Senate, that Attorney General Holder would never take the case due to the fact it would embarrass Dr. Friedman, the current administration's hand picked choice to run the Center for Disease Control. Avdeef's written complaints went ignored for over a year, until Avdeef finally received a courtesy email from the DOJ thanking Avdeef for the submissions.

58    It is now disgustingly clear, that Avdeef is now being forced to present this matter to a Federal District Court in order to seek out justice against Chief Counsel Pamela J. Williams, and all of the other criminal codefendants that the evidence clearly shows have escaped justice to this point.

## G. SEVENTH CAUSE OF ACTION

59.    Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 58 above.

60.    The fact that Courtney G. Bowline was only an associate at DeHay & Elliston at the time of the aforementioned civil litigation, and has now sought employment at another Dallas law firm, should in no way diminish her malice in regards to these criminal acts and civil rights violations.

61.    Ms. Bowline shares equally and unilaterally in all of the reprehensible acts committed during her tenure at DeHay & Elliston, and as an example, Ms. Bowline was the

counselor who prepared and signed the appellee brief in the aforementioned appeal to the Fifth

Circuit Court of Appeals litigation, in direct violation of the Fifth Circuit Court of Appeals rules

that anyone other than a Pro Se litigant be properly admitted to the court before being allowed to

submit any brief or practice before that court. Ms. Bowline, who was not admitted to practice,

should have known better, and more to the point, Ms. Pamela J. Williams, and even more

succinct, Mr. Gary Elliston should have known better, as his name also appeared on the

improperly submitted brief, that all three legal counsel foolishly assumed a Pro Se litigant would

never know the difference.

62.     Avdeef feels that Ms. Bowline holds equal malice in this matter, and that Ms.

Bowline should enlighten this court as to her reason for ending her tenure at DeHay & Elliston,

regardless of how damaging it may be to the firm, or her former co-counsel.


## H. <u>EIGHTH CAUSE OF ACTION</u>

63.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at

length paragraphs 13 through 62 above.

64.     The firm of DeHay & Elliston should be held responsible as a whole, due to the

fact that no one individual can be shown to have acted on his or her own independent malice, and

to the fact that the titled founding partner in the means of Gary D. Elliston himself signed on the

signature line each and every time. This insult to the legal community from such a supposed

prominent legal firm should now be used by the court to set the standard for what not only bad

behavior is, but how harshly the admonishments should be dealt out. Avdeef feels that the court

should contact the State Bar of Texas and the Arkansas State Bar to hold ALL legal counsel

associated with this matter accountable for their actions.

## I. **NINTH CAUSE OF ACTION**

65.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 64 above.

66.     Mr. Alan Perlman was not only at the center of the aforementioned case; Mr. Perlman's now clearly perjured affidavit was the lynchpin of the opposing counsel's Motion For Summary Judgment. Mr. Perlman knowing and maliciously misrepresented the product run information even though Avdeef repeatedly presented the fact that the one errant package that was from a previous purchase, and was accidently included when ALL materials were collected, was in no way representative of the recall materials.

67.     Ms. Pamela J. Williams suborned perjury when knowingly and with absolute malice instructed Mr. Perlman to ignore the facts already presented in the case up to that point, and intentionally misrepresent the facts in order to improperly paint the facts in a negative color to support the client's wish to avoid a civil judgment at any cost.

68.     Mr. Perlman should be held to the highest criminal standard for his malicious act of sworn perjury obviously approved by his employer, ROCKLINE INDUSTRIES, INC., the law firm of DeHay & Elliston, and all legal counsel that improperly benefitted, including those members of the Walmart Legal Department.

## J. **TENTH CAUSE OF ACTION**

69.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 68 above.

70.     In any normal civil litigation a sitting judge would never be considered as a civil codefendant in a civil rights action unless that judge or justice was guilty of a criminal offense,

or of rigging the outcome of a case before them, as is blatantly obvious in the legal malpractice action Avdeef brought against Patrick W. Powers in the Dallas State District Courts. The Honorable Judge Gena Slaughter even looked Avdeef's minor female child in the eye while discussing kitty cats and listening first hand how the secondary infections and all of the trips to both UNT Medical Center, and Cook Children's Hospital caused the minor child to entirely miss the first grade, but the facts or the truth meant nothing to Judge Slaughter.

71.     Her Honor even went as far as to refuse to allow the twice requested court reporter to take her seat, so that Avdeef could not have a court record with the intention of using that record against Mr. Powers and his counsel on appeal.

72.     Furthermore, Avdeef openly argued and presented material facts during oral argument that Mr. Powers had blatantly violated the Texas Penal Code in openly perjuring himself in a sworn pleading, and that the acts of perjury were continuing on with Mr. Powers' counsel.

73.     Judge Slaughter had a duty to uphold the laws of the State of Texas and when that serious of an allegation is made, no matter how biased or untrue, it should be taken seriously, unless the Judge had another agenda. Judge Slaughter not only refused to address the issues, she openly laughed at Avdeef when hard documentation was presented to the court proving multiple acts of perjury.

74.     Judge Slaughter even went as far as to strike all of the hard evidence, so that Avdeef would be deprived of the evidentiary materials on appeal, but out of arrogance, failed to include the evidence that had been attached to previous filings.

75.     One does not have to be clairvoyant to stand before another individual and know when the fix is in, and when you see that other person you are arguing against is being allowed to lie his way out of any civil repercussions, due to the fact there is absolutely NO IMPARTIALITY.

## K. ELEVENTH CAUSE OF ACTION

75.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 74 above.

76.     After such a one-sided and biased summary judgment hearing in the aforementioned legal malpractice action pursued against Patrick W. Powers, Avdeef expected little to no relief from the Dallas Second Court of Appeals, who appears to have the same reputation for biased and corruption that the lower courts have fostered for many years according to many Fort Worth lawyers who have suffered the same fate as Avdeef many times, but chose not to speak out for fear of being blackballed in the legal community out of retaliation.

77.     Due to the fact Avdeef does not practice law for a living, Avdeef felt free to spell out the hard facts and tell the whole truth, and nothing but the truth to Appellate Justice Jim Moseley, who blatantly covered up Judge Gena Slaughter's improper rigging of a fellow Dallas lawyer's legal problems.

78.     Justice Moseley appears to have even violated the Court of Appeals' own regulations concerning the requirement that at least three Justices are REQUIRED to hear any case. There is no evidence that three Justices were even presented the case, and the lack of a memorandum opinion to prevent Avdeef from any further points of appeal. The single page order bears only Justice Moseley's signature or name.

79.     Seeing that the fix was in, even at the appellate level, Avdeef laid out the cold hard facts in a Motion For Rehearing that was brutally honest and to the point in pointing out that Judge Slaughter improperly allowed a civil litigant to perjure his way out of civil litigation.

80.     Instead of submitting Avdeef's Motion For Rehearing to an impartial panel, it now appears that Justice Moseley left the Motion sitting on his desk for approximately ten weeks, and then responded with one single sentence of denial again bearing only Justice Moseley's signature or name.

81.     With the disgusting manner in which Mr. Powers and his legal counsel were given a free pass by such a dishonest and biased court, Avdeef can only hope that Justice Moseley will be held to the highest standard of all of the codefendants that are forcibly having to be publically shamed into telling the truth, since over the last six years. ALL OF THEM were completely incapable of telling the truth, even when it was delivered right to their face.

82.     Until Texas lawmakers revisit the Texas Penal Code and repeal the perjury statute, Justice Moseley had a sworn duty to instruct the lower court to address ANY AND ALL criminal allegations in the supposed interest of the law, but in Dallas, it appears the law does not apply to the bench, or anyone who makes a living perjuring themselves to it.

83.     Avdeef will be presenting any and all materials garnered through discovery, deposition and open testimony to the Judicial Conduct Committee, and Avdeef requests the court do the same to set an example to all Judges that they risk being held responsible for their actions when they are willing to aid and abet any criminal action.

## K. <u>TWELFTH CAUSE OF ACTION</u>

84.     Plaintiff hereby alleges and incorporates herein by reference as if fully set forth at length paragraphs 13 through 83 above.

85.     The utter destruction to Avdeef's publishing career is so complete; Avdeef now seeks one hundred million dollars in compensatory and actual damages unilaterally from all the above-named codefendants. Avdeef would be more than happy to have the bench conduct an *in camera* inspection of the almost sixty publishing concept outlines contained within a binder that Avdeef should have been able to spend the last six years pursuing for profit, but instead, has had to live with not only the overwhelming medical issues, but the public attacks that have ruined Avdeef's public reputation as it is now a matter of public record that Avdeef somehow attempted to scam Sam's Club over what ROCKLINE fraudulently claimed was falsified evidence. Avdeef now requests this court vacate ROCKLINE'S prior victory that was only obtained falsely through malicious means in order to not only deprive them of a criminally obtained victory, but to remove that act of slander and defamation that has been used for numerous public attacks.

86.     Slander and defamation charges are ordinarily very difficult to lock down in a court of law, except in this matter. Avdeef has been the victim of several blatant public attacks that were based solely on the premise that Avdeef was some sort of con man for attempting to cheat Sam's Club over something as trivial as baby wipes.

87.     Avdeef will now be forced to present both of these additional cases to the federal district court since they have now escalated to the same level of seriousness that the ROCKLINE criminal acts have risen to.

88.     Avdeef feels that the now unrepairable publishing career justifies such a high compensatory damage claim and will present all financial numbers to the court.

89.    Avdeef also seeks the court's assistance in bringing all of the legal shenanigans and outright criminal conspiracy to the United States Attorneys' since all of the lawyers in this matter had conspired to ensure that a Sam's Club Product bearing the Sam's Club family product name, and being bought by a Sam's Club paying member, at a Sam's Club retail outlet would never see the inside of a courtroom out of sheer greed and malice.

90.    Finally, Avdeef feels that his now nine year old child who suffers with the medical ramifications of ROCKLINE'S President and owner Randy Rudolph's disgusting act of personal greed by intentionally cutting corners and then threatening and bullying his way out of taking responsibility for what he did to Avdeef's child, that Avdeef's little girl will finally have her day in court to make all of these criminals answer for what they have done and to look Mr. Rudolph in the eye.

## V.

## EXPERT AND COURT FEES

91.    Plaintiff seeks recovery of his expert fees and court fees under Federal Rules of Civil Procedure 54 and under 42 USC § 1983.

## VI.

## JURY DEMAND

92.    Plaintiff demands a trial by jury on all issues of fact and damages in this action

## VII.

## __PRAYER FOR RELIEF__

WHEREFORE, PREMISES CONSIDERED, Plaintiff STEPHEN M. AVDEEF, prays that the Court grant the following relief:

(a)    Enter a judgment that Defendants' acts, as set forth herein are in violation of Avdeef's civil rights and are in violation of the Constitution, laws and treatises of the United States as set forth in 42 USC § 1983;

(b)    That this court vacate ROCKLINE'S prior judgment of December 8, 2010 that was obtained falsely through malicious means;

(c)    Award Avdeef compensatory and actual damages in the amount of $100,000,000.

(d)    Award Avdeef future damages in the amount of $ _____;

(e)    Award Avdeef his costs of this action, including fees and expert fees;

(f)    Award Avdeef prejudgment interest and postjudgment interest at the maximum rate allowed by law; and

(g)    For such other and further relief to which this Court finds just and proper.

DATED this _10th_ day of December, 2012.

Respectfully submitted,

Stephen M. Avdeef

1000 Kelley Drive
Fort Worth, Texas 76140-3618
(817) 293-0773
E-Mail:  sci_writer@hotmail.com

PRO SE

# CIVIL COVER SHEET 4-12CV-879 Y

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stephen M. Avdeef

**(b)** County of Residence of First Listed Plaintiff  Tarrant County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se; 1000 Kelley Drive, Fort Worth, Texas 76140-3618
(817) 293-0773

### DEFENDANTS
Rockline Industries, Inc.; , Sam's East, Inc. d//a Sam's Club, Walmart Stores, Inc, Patrick W. Powers; Peyton J. Healey; Gary D. Elliston; Pamela J. Williams; Courtney G. Bowline; Alan Perlman; Justice Jim Moseley; Gena Slaughter;

County of Residence of First Listed Defendant  Sheboygan, WI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                          | PTF | DEF |                                                    | PTF | DEF |
|------------------------------------------|-----|-----|----------------------------------------------------|-----|-----|
| Citizen of This State                    | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                     | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Violations of Plaintiff's civil rights and perjury committed in state litigation by court officers

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions.)*  JUDGE ___  DOCKET NUMBER ___

DATE  12/10/12

SIGNATURE OF ATTORNEY OF RECORD  Steph M Avdef, Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # TXW08358  AMOUNT $350.00  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___